■ HUDSON CITY SAVINGS BANK, Respondent, v JASON SEMINARIO, Appellant, et al., Defendants. [51 NYS3d 159]—

In an action to foreclose a mortgage, the defendant Jason Seminario appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered September 24, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and to appoint a referee to compute the amount due.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jason Seminario and to appoint a referee to compute the amount due are denied.

In August 2011, the plaintiff, Hudson City Savings Bank (hereinafter Hudson City), loaned to the defendant Jason Seminario (hereinafter the defendant) the sum of $292,000, evidenced by a note and secured by a mortgage encumbering real property in Farmingdale. In March 2013, Hudson City commenced this action to foreclose the mortgage, alleging that the defendant defaulted on the loan on June 1, 2012. The defendant answered the complaint, alleging, among other affirmative defenses, that Hudson City lacked standing to commence the action, failed to provide proper notice of default and acceleration, and failed to comply with RPAPL 1304 and 1306. After

the defendant failed to appear at a settlement conference pursuant to CPLR 3408, Hudson City moved, inter alia, for summary judgment on the complaint and to appoint a referee to compute the amount due. The defendant opposed the motion. By order entered September 24, 2014, the Supreme Court granted the motion. We reverse the order insofar as appealed from.

Hudson City failed to establish its prima facie entitlement to judgment as a matter of law. As Hudson City concedes, its motion papers, including the affidavit of its assistant vice president and accompanying exhibits, failed to contain any proof of compliance with RPAPL 1306, a condition precedent to commencement of the action (see *TD Bank, N.A. v Leroy*, 121 AD3d 1256 [2014]). Since Hudson City failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due, regardless of the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's remaining contentions need not be reached in light of our determination. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.