Citibank, N.A. v Conti-Scheurer (2019 NY Slip Op 02846)





Citibank, N.A. v Conti-Scheurer


2019 NY Slip Op 02846


Decided on April 17, 2019


Appellate Division, Second Department


Iannacci, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-02042
 (Index No. 13892/10)

[*1]Citibank, N.A., etc., respondent, 
v
Elizabeth I. Conti-Scheurer, et al., defendants.



APPEAL by the defendant Elizabeth I. Conti-Scheurer, in an action to foreclose a mortgage, from an order of the Supreme Court (Thomas A. Adams, J.), entered November 30, 2015, in Nassau County. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Elizabeth I. Conti-Scheurer, for an order of reference, and to amend the caption to substitute Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A. as Trustee of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust II, Mortgage Pass-Through Certificates Series 2007-1, as the plaintiff, and denied the cross motion of the defendant Elizabeth I. Conti-Scheurer, in effect, for summary judgment dismissing the complaint insofar as asserted against her.



Law Offices of Terence Christian Scheurer, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.



IANNACCI, J.


OPINION & ORDER
On this appeal we take the opportunity to address the evidence required to establish prima facie compliance with RPAPL 1304 by a mortgage holder, and conversely the evidence required to establish prima facie noncompliance with RPAPL 1304 by a mortgagor, on a motion for summary judgment in an action to foreclose a mortgage.
Factual and Procedural History
In May 2007, the defendant Elizabeth I. Conti-Scheurer (hereinafter the defendant) executed a note in the sum of $975,000 in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide). The note was secured by a mortgage on residential property located in Manhasset, NY. By Assignment of Mortgage dated July 10, 2010, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide, purportedly assigned the mortgage to the plaintiff, Citibank, N.A. as Trustee of the Holders of Bear Stearns ALT-A Trust II, Mortgage Pass-Through Certificates, Series 2007-1. Thereafter, on July 22, 2010, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant served an answer in which she asserted, inter alia, the affirmative defense that the plaintiff lacked standing. On November 7, 2014, by "Correction Assignment of Mortgage," MERS, as nominee for Countrywide, purportedly assigned the mortgage to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A. as Trustee of Structured Asset Mortgage Investments II Inc., Bear Sterns ALT-A Trust II, Mortgage Pass-Through Certificates Series 2007-1 (hereinafter Wilmington).
In July 2015, the plaintiff moved, inter alia, for summary judgment on the complaint, for an order of reference, and to substitute Wilmington as the plaintiff. In support of the motion, the plaintiff submitted the affidavit of Michele Crampton, assistant vice president of Specialized Loan [*2]Servicing, LLC, as attorney-in-fact for Wilmington. Crampton averred that 90-day pre-foreclosure notices were sent to the defendant on February 4, 2010, pursuant to RPAPL 1304, and that the notices were sent via certified mail and regular first-class mail to the last known address of the defendant and were not returned as undeliverable. Crampton attested that Wilmington's records pertaining to the mortgage account consisted of, but were not limited to, the account ledgers and the prior loan servicer's records. She further attested that she had "personal knowledge of [Wilmington's] records and record making practices." She also averred that it was "the regular business practice of [Wilmington] to deposit items to be delivered by regular and certified mail in a postage-paid properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office." In addition to Crampton's affidavit, the plaintiff submitted copies of two RPAPL notices, dated February 4, 2010, from Bank of America, a predecessor-in-interest to Wilmington, addressed to the defendant. The notices did not indicate on which date they were mailed or how they were mailed. The defendant cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the grounds that the plaintiff lacked standing and that the plaintiff failed to comply with RPAPL 1304. The defendant submitted an affidavit in support of her cross motion, wherein she stated, "Plaintiff has . . . failed to prove its strict compliance with RPAPL [ ] 1304 with regard to the mailing of the required 90 day notice which I never received."
In an order entered November 30, 2015, the Supreme Court, among other things, granted the plaintiff's motion, amended the caption to substitute Wilmington as the plaintiff, denied the defendant's cross motion, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The defendant appeals.
The Plaintiff's Motion for Summary Judgment
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, " the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508-509; Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. Although Crampton stated in her affidavit that the RPAPL 1304 notices were mailed by certified and regular first-class mail, and attached copies of those notices, the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the mailing actually happened. There is no copy of any United States Post Office document indicating that the notice was sent by registered or certified mail as required by the statute. Further, while Crampton attested that she was in receipt of the prior loan servicer's records, that she had personal knowledge of the business practices for mailing of notices by Wilmington, and that the 90-day notice was sent in compliance with RPAPL 1304, she did not attest to knowledge of the mailing practices of Bank of America, the entity that allegedly sent the notices to the defendant. Since the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see U.S. Bank Natl. Assn. v Cope, 167 AD3d 965; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784; U.S. Bank N.A. v Henry, 157 AD3d 839, 841; Investors Sav. Bank v Salas, 152 AD3d 752, 753; Citibank, N.A. v Wood, 150 AD3d 813, 814).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's [*3]motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
While we need not reach the issue of standing in light of our determination, we note that the plaintiff also failed to establish its prima facie entitlement to judgment as a matter of law by failing to submit sufficient evidence that it had standing to commence the action (see CPLR 4518[a]; OneWest Bank, FSB v Berino, 158 AD3d 811, 813; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852-853; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 620).
The Defendant's Cross Motion for Summary Judgment
On a cross motion for summary judgment dismissing the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (see Cenlar FSB v Lanzbom, 168 AD3d 670, 671; Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 523). Here, the defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff lacked standing, as she offered no evidence relating to standing on her motion and thus failed to eliminate all triable issues of fact regarding the plaintiff's status as the holder of the note on the date the action was commenced (see BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924; Citicorp Mtge. v Adams, 153 AD3d 779, 780; LGF Holdings, LLC v Skydel, 139 AD3d 814, 815; Bank of N.Y. Mellon v Green, 132 AD3d 706, 707). Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her for lack of standing.
With regard to that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her based upon the plaintiff's alleged failure to comply with RPAPL 1304, the analysis is more problematic. Over approximately the last eight years, a line of cases has developed in the Second Judicial Department holding that, in an action to foreclose a mortgage, a defendant moving for summary judgment dismissing the complaint can establish, prima facie, that the plaintiff bank failed to comply with RPAPL 1304 by merely denying receipt of the RPAPL 1304 notice. This line of cases stems from Aurora Loan Servs., LLC v Weisblum (85 AD3d 95), wherein the plaintiff bank (hereinafter Aurora) did not establish, on its motion for summary judgment on the complaint, its strict compliance with RPAPL 1304, and this Court held that its motion should have been denied. Aurora conceded that the RPAPL 1304 notice was not sent to one of the borrowers. The RPAPL 1304 notice annexed as an exhibit to Aurora's motion papers did not contain the statutorily required list of counseling agencies, nor did Aurora submit an affidavit of service to establish service on both defendant borrowers. This Court further held that the defendant borrowers' cross motion for summary judgment dismissing the complaint for failure to comply with RPAPL 1304 should have been granted. This Court explained that the defendant borrowers established their prima facie entitlement to judgment as a matter of law by relying on the same evidence that had been submitted by Aurora, as well as their own affidavits wherein they stated that they did not receive the required notices, and in opposition, Aurora failed to raise a triable issue of fact (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106). Since then, several subsequent cases have held that a defendant in a mortgage foreclosure action can establish her or his prima facie entitlement to judgment as a matter of law dismissing the complaint simply by submitting an affidavit denying receipt of a RPAPL 1304 notice (see Deutsche Bank Natl. Trust Co. v Heitner, 165 AD3d 1038, 1039; U.S. Bank N.A. v Henry, 157 AD3d at 842; CitiMortgage, Inc. v Pappas, 147 AD3d 900, 902).
These cases notwithstanding, there is much case law standing for the proposition that a mere denial of receipt is insufficient to "win the day" in motion practice. For example, in the context of service of process, it is well established that a mere denial of service is insufficient to rebut a presumption of proper service established by an affidavit of service (see Stevens v Stepanski, 164 AD3d 935, 937; Goldfarb v Zhukov, 145 AD3d 757, 758). Similarly, a mere denial of receipt is insufficient to rebut a presumption of mailing where there is documentary proof of the mailing (see Engel v Lichterman, 62 NY2d 943; Flushing Sav. Bank, FSB v Colmar Realty, LLC, 121 AD3d 1040, 1041). Indeed, this Court has held in the RPAPL 1304 context that a mere denial of receipt is insufficient to raise a triable issue of fact to rebut a plaintiff's prima facie evidence of mailing (see Nationstar Mtge., LLC v LaPorte, 162 AD3d at 786; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822). While the above authorities apply where the server or the mailer has provided prima facie evidence of service or mailing, there is little authority for the proposition that a litigant can satisfy her or his prima facie burden on a motion for summary judgment dismissing the complaint by simply [*4]stating that a document was not received and, therefore, the other party did not perform an act, despite averments that the act was performed.
Even in the face of a plaintiff's failure to establish, prima facie, that a notice was properly mailed on a motion for summary judgment on the complaint, this Court has held that a defendant still has to meet its burden, on a cross motion for summary judgment dismissing the complaint, of establishing that the condition precedent was not fulfilled (see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789; U.S. Bank N.A. v Sabloff, 153 AD3d 879, 881; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 911). Here, the defendant provided no particulars supporting her claim that Bank of America never mailed the RPAPL 1304 notice to her last known address. The defendant only stated that she never received the notice. The defendant did not confirm that she still lived at the address shown on the notice on the date it was purportedly mailed, that she had been receiving other mail at that address, and that she was never contacted by the United States Post Office about mail for which she was required to sign. We hold that a simple denial of receipt, without more, is insufficient to establish prima facie entitlement to judgment as a matter of law dismissing the complaint for failure to comply with the requirements of RPAPL 1304. To the extent that our prior decisions are to the contrary, they should no longer be followed.
Nor were the plaintiff's submissions sufficient to establish the defendant's prima facie entitlement to judgment as a matter of law dismissing the complaint for failure to comply with RPAPL 1304. There is ample case law providing that a party cannot succeed on a motion for summary judgment by simply pointing out gaps in the opposing party's case (see Walinchus v Lubeck, 124 AD3d 631, 632; Campbell v New York City Tr. Auth., 109 AD3d 455, 456). The plaintiff's submissions in support of its motion, while insufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law, tended to refute the defendant's mere statement that the "Plaintiff has . . . failed to prove its strict compliance with RPAPL [ ] 1304 with regard to the mailing of the required 90-day notice which I never received." Accordingly, the defendant failed to eliminate all triable issues of fact as to whether the RPAPL 1304 notice was mailed or received (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911). Therefore, we agree with the Supreme Court's denial of the defendant's cross motion.
Finally, we agree with the Supreme Court's grant of that branch of the plaintiff's motion which was for leave to amend the caption to substitute Wilmington as the plaintiff (see CPLR 1018, 3025[b]; Aurora Loan Servs., LLC v Mandel, 148 AD3d 965, 967; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 983-984).
Accordingly, the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Elizabeth I. Conti-Scheurer and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from.
BALKIN, J.P., AUSTIN and LASALLE, JJ., concur.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Elizabeth I. Conti-Scheurer and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Elizabeth I. Conti-Scheurer.
ENTER:
Aprilanne Agostino
Clerk of the Court