Deutsche Bank Natl. Trust Co. v Starr (2019 NY Slip Op 04679)





Deutsche Bank Natl. Trust Co. v Starr


2019 NY Slip Op 04679


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-00692
 (Index No. 13832/12)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Donna M. Starr, etc., appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young and Justin Pane of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Jason J. Oliveri and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Donna M. Starr appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated October 11, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and denied that branch of her cross motion which was for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304 and 1306.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Donna M. Starr, to strike her answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Donna M. Starr payable by the plaintiff.
The plaintiff commenced this action against, among others, the defendant Donna M. Starr (hereinafter the defendant), to foreclose a mortgage encumbering residential real property. The defendant answered. In June 2016, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304 and 1306. In an order dated October 11, 2016, the Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and appointed a referee to compute the amount due under the loan. The defendant appeals.
The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see CitiMortgage, Inc. v Guillermo, 143 AD3d 852). However, in opposition, the defendant raised a triable issue of fact as to whether the plaintiff strictly complied with RPAPL 1304. "[P]roper service of [a] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). Failure to comply with RPAPL 1304 is a defense that [*2]may be raised at any time (see Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; U.S. Bank N.A. v Carey, 137 AD3d 894, 896; Citimortgage, Inc. v Espinal, 134 AD3d 876, 879; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 107). Thus, contrary to the plaintiff's contention, the defendant did not improperly assert the defense for the first time in opposition to the plaintiff's motion (see Flagstar Bank, FSB v Jambelli, 140 AD3d at 830; Citimortgage, Inc. v Espinal, 134 AD3d at 879-880). The plaintiff failed to establish that it was not required to comply with RPAPL 1304 and also failed to establish its compliance with the statute. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In light of our determination, we need not decide whether the plaintiff established, prima facie, that it complied with RPAPL 1306 prior to commencing the action.
However, we agree with the Supreme Court's denial of that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304 and 1306. The defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to establish, prima facie, that the plaintiff did not comply with that statute (see Citibank, N.A. v Conti-Scheurer, _____ AD3d _____, 2019 NY Slip Op 02846 [2d Dept 2019]; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 828; Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 677-678; see also Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911).
The defendant also failed to demonstrate, prima facie, that the plaintiff did not comply with RPAPL 1306 (see Emigrant Bank v Myers, 147 AD3d 1027, 1028; see also Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707; cf. TD Bank, N.A. v Leroy, 121 AD3d 1256, 1258). The defendant failed to meet her prima facie burden on that branch of her cross motion which was for summary judgment, and simply pointed to claimed deficiencies in the plaintiff's proof. Thus, the burden never shifted to the plaintiff to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cincotta v City of New York, 292 AD2d 558).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court