U.S. Bank, N.A. v Nathan (2019 NY Slip Op 04989)





U.S. Bank, N.A. v Nathan


2019 NY Slip Op 04989


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10830
 (Index No. 702637/14)

[*1]U.S. Bank, National Association, etc., respondent,
v
Patrick Nathan, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patrick Nathan appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated September 14, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for the appointment of a referee to compute the amount due and owing to the plaintiff, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him or, in the alternative, for leave to amend his answer.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Patrick Nathan, to strike his answer, and for the appointment of a referee to compute the amount due and owing to the plaintiff, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Patrick Nathan.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Patrick Nathan to secure a note in the amount of $370,000. Nathan answered the complaint and asserted various affirmative defenses, including of lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Nathan, to strike his answer, and for the appointment of a referee to compute the amount due and owing to the plaintiff. Nathan opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him or, in the alternative, for leave to amend his answer to add, as an affirmative defense, that the plaintiff failed to serve a notice of default in compliance with the terms of the mortgage. In the order appealed from, the Supreme Court granted the aforementioned branches of the plaintiff's motion and denied Nathan's cross motion. Nathan appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584). However, where a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; [*2]Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). Here, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the note at the time it commenced the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint (see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 790; Wells Fargo Bank, N.A. v Frankson, 157 AD3d 844, 845; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824). In opposition, Nathan failed to raise a triable issue of fact as to the plaintiff's standing.
Furthermore, the plaintiff established, prima facie, that it provided notice in compliance with RPAPL 1303 by submitting the process server's affidavit of service on Nathan, in which the process server stated that he served the summons and complaint along with a "1303 NOTICE-Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper, and the title to the notice printed in twenty-point type in compliance with RPAPL Sect 1303" (see US Bank N.A. v Sims, 162 AD3d 825, 826; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 827-828). In opposition, Nathan failed to raise a triable issue of fact with respect to the plaintiff's compliance with RPAPL 1303.
Nevertheless, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Nathan, to strike his answer, and for the appointment of a referee to compute the amount due and owing to the plaintiff, since the evidence submitted in support of the motion failed to establish, prima facie, that the plaintiff strictly complied with RPAPL 1304 (see Bank of Am., N.A. v Kljajic, 168 AD3d 659, 661; TD Bank, N.A v Leroy, 121 AD3d 1256, 1258; cf. Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, _____, 2019 NY Slip Op 02846, *2-3 [2d Dept 2019]), and RPAPL 1306 (see Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707; see also TD Bank, N.A v Leroy, 121 AD3d at 1258). Compliance with RPAPL 1304 and 1306 is a condition precedent to the commencement of a foreclosure action (see U.S. Bank N.A. v Henry, 157 AD3d at 841; Hudson City Sav. Bank v Seminario, 149 AD3d at 707; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830).
However, contrary to Nathan's contention, he was not entitled to summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with the notice requirements of RPAPL 1304, since he failed to present sufficient evidence to demonstrate, prima facie, that the condition precedent was not fulfilled (see Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1130). Nathan's affidavit, in which he made a bare denial of receipt of the RPAPL 1304 notice, was improperly submitted for the first time in reply (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at _____, 2019 NY Slip Op 02846, *3-4; Lorde v Margaret Tietz Nursing & Rehabilitation Ctr., 162 AD3d 878, 879). Nathan also failed to establish his prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1306.
Finally, the Supreme Court providently exercised its discretion in denying that branch of Nathan's cross motion which was for leave to amend his answer to add, as an affirmative defense, that the plaintiff failed to serve a notice of default in compliance with the terms of the mortgage. Relief pursuant to CPLR 3025(b) requires the movant to include any proposed amendment or supplemental pleading with the motion (see G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327). In support of his cross motion, Nathan failed to submit the proposed amended answer (see G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d at 1327; Muro-Light v Farley, 95 AD3d 846, 847).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court