JPMorgan Chase Bank, Natl. Assn. v Lyon (2019 NY Slip Op 07060)





JPMorgan Chase Bank, Natl. Assn. v Lyon


2019 NY Slip Op 07060


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-10599
2016-10601
 (Index No. 9326/14)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Christina Lyon, appellant, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Melisa Zukic of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Christina Lyon appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 24, 2016, and (2) an order of the same court entered May 27, 2016. The order entered May 24, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christina Lyon, to strike her answer, and for an order of reference. The order entered May 27, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christina Lyon, to strike her answer, and for an order of reference, struck her answer, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order entered May 24, 2016, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christina Lyon, to strike her answer, and for an order of reference are denied, and so much of the order entered May 27, 2016, as granted those branches of the plaintiff's motion, struck the answer of the defendant Christina Lyon, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the order entered May 27, 2016, is dismissed as academic in light of our determination on the appeal from the order entered May 24, 2016; and it is further,
ORDERED that one bill of costs is awarded to the defendant Christina Lyon.
In October 2004, the defendant Christina Lyon (hereinafter the defendant) executed a mortgage, a note, and an extension and modification agreement (hereinafter CEMA) consolidating various prior notes and mortgages encumbering certain real property in Old Brookville. In September 2014, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant. The defendant interposed an answer with various affirmative defenses.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion. In an order entered May 24, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order entered May 27, 2016, the court, inter alia, granted the same relief, struck the defendant's answer, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
Pursuant to RPAPL 1306, lenders "shall file with the superintendent of financial services . . . within three business days of the mailing of the notice required by [RPAPL 1304]" a form containing certain information regarding the borrower and the mortgage (RPAPL 1306[1]; see RPAPL 1306[2]). RPAPL 1306(1) further states that "[a]ny complaint served in [an action] initiated pursuant to [RPAPL article 13] shall contain, as a condition precedent to such [action], an affirmative allegation that at the time the [action] is commenced, the plaintiff has complied with the provisions of this section."
Here, in support of its motion, the plaintiff failed to submit any evidence of compliance with RPAPL 1306. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Hudson City Sav. Bank v Seminario, 149 AD3d 706; TD Bank, N.A. v Leroy, 121 AD3d 1256, 1258-1260; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
In light of our determination, we need not address the defendant's remaining contentions.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court