M&T Bank v Biordi (2019 NY Slip Op 07775)





M&T Bank v Biordi


2019 NY Slip Op 07775


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-04354 
2017-11336
 (Index No. 11691/14)

[*1]M & T Bank, respondent, 
v
Frank Biordi, appellant, et al., defendants.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Virginia K. Trunkes, Andrew I. Bart, Paul N. Gruber, and David B. Rosenbaum of counsel), for appellant.
Cohn & Roth, Mineola, NY (Michael Nayar of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Frank Biordi appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 8, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 8, 2017. The order entered February 8, 2017, granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Frank Biordi and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and, inter alia, directed the foreclosure sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Frank Biordi and for an order of reference is denied, the cross motion of the defendant Frank Biordi is granted to the extent that the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and the order entered February 8, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Frank Biordi
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In August 2010, Frank Biordi (hereinafter the defendant) borrowed the sum of $750,000 from Hudson City Savings Bank (hereinafter Hudson City). The loan was memorialized by a note and secured by a mortgage encumbering certain residential property in Old Westbury. In December 2014, Hudson City commenced the instant action against the defendant, among others, to foreclose the mortgage. After the defendant interposed an answer, Hudson City moved, inter alia, [*2]for summary judgment on the complaint and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him, inter alia, on the grounds that the plaintiff failed to comply with RPAPL 1304 and 1306 and failed to negotiate in good faith in violation of CPLR 3408(f). The plaintiff opposed the cross motion. By order entered February 8, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. On September 8, 2017, the court entered an order and judgment of foreclosure and sale, granting the plaintiff's motion to confirm a referee's report and, inter alia, directing the foreclosure sale of the subject property. The defendant appeals.
In a residential foreclosure action, a plaintiff moving for summary judgment must tender "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Citibank, N.A. v Wood, 150 AD3d 813, 814).
A plaintiff may prove that it mailed the RPAPL 1304 notices in accordance with the statute by proffering an affidavit of service from someone with personal knowledge of the mailing (cf. U.S. Bank N.A. v Henderson, 163 AD3d 601, 603). However, that is not the only method by which a residential foreclosure plaintiff may establish that it properly mailed the required notice (see e.g. Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, " the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508-509).
Here, to establish its compliance with RPAPL 1304, the plaintiff relied upon the affidavit of an Assistant Vice President of Hudson City, who averred that a 90-day notice was sent in accordance with the statute to the last known address of the borrower, and if different, to the residence which is the subject of the 90-day notice, but did not attest to personal knowledge of the mailing or of Hudson City's mailing practices or procedures. Attached to the affidavit were copies of 90-day notices, bearing indicia of mailing by certified mail, but not first-class mail, and bearing no postmark or date of mailing. The plaintiff additionally submitted an affidavit of mailing of an Assistant Treasurer/Manager of Hudson City, who attested to the mailing of 90-day notices by first-class and certified mail, but did not attest to personal knowledge of the mailing and did not set forth any details regarding Hudson City's mailing practices or procedures. Since the plaintiff failed to provide evidence of the actual mailing, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; U.S. Bank N.A. v Cope, 175 AD3d 527, 529-530; U.S. Bank N.A. v Henry, 157 AD3d 839, 841).
The plaintiff additionally failed to demonstrate, prima facie, its compliance with RPAPL 1306, a condition precedent to commencement of the action (see Hudson City Savings Bank v Seminario, 149 AD3d 706, 707).
Accordingly, the Supreme Court should have denied the plaintiff's motion , inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's denial of that branch of the defendant's cross motion which was for summary judgment dismissing the complaint for failure to comply with RPAPL 1304. The defendant's bare denial of receipt of the RPAPL 1304 notice, without more, was insufficient to establish his prima facie entitlement to judgment as a matter of law (see Citibank, N.A. [*3]v Conti-Scheurer, 172 AD3d at 24).
Finally, we find that the defendant's submissions in support of his cross motion raised a factual issue as to whether the plaintiff negotiated in good faith and deprived him of a meaningful opportunity to resolve the action through loan modification or other potential workout options (see CPLR 3408[f]). Under the circumstances, the court should have held a hearing to determine this issue before deciding the defendant's cross motion (see U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1092-1093). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) and, if it did not, to impose an appropriate remedy (see CPLR 3408[j]).
In light of our determination, we need not reach the defendant's remaining contention.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court