Federal Natl. Mtge. Assn. v Hollien (2021 NY Slip Op 01963)





Federal Natl. Mtge. Assn. v Hollien


2021 NY Slip Op 01963


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-03934 
2018-03939
 (Index No. 30057/13)

[*1]Federal National Mortgage Association, respondent,
v
Jennifer Hollien, et al., appellants, et al., defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellants.
Sandelands Eyet LLP, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jennifer Hollien and Steven Kosin appeal from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), entered April 6, 2017, and (2) an order of the same court dated December 5, 2017. The order entered April 6, 2017, insofar as appealed from, granted that branch of the plaintiff's motion which was to strike the affirmative defenses of the defendants Jennifer Hollien and Steven Kosin alleging lack of standing and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The order dated December 5, 2017, insofar as appealed from, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendants Jennifer Hollien and Steven Kosin and for an order of reference, and denied those defendants' cross motion for leave to renew their prior cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order entered April 6, 2017, is reversed insofar as appealed from, on the law, the cross motion of the defendants Jennifer Hollien and Steven Kosin for summary judgment dismissing the complaint insofar as asserted against them is granted, that branch of the plaintiff's motion which was to strike those defendants' affirmative defenses alleging lack of standing is denied as academic, and so much of the order dated December 5, 2017, as granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendants Jennifer Hollien and Steven Kosin and for an order of reference is vacated; and it is further,
ORDERED that the appeal from the order dated December 5, 2017, is dismissed as academic in light of our determination on the appeal from the order entered April 6, 2017; and it is further,
ORDERED that one bill of costs is awarded to the defendants Jennifer Hollien and Steven Kosin.
In November 2013, the plaintiff commenced this action to foreclose a mortgage against the defendants Jennifer Hollien and Steven Kosin (hereinafter together the defendants), [*2]among others, alleging that the defendants executed a mortgage agreement encumbering certain real property in Shirley and securing a loan in the principal sum of $216,800. The plaintiff alleged that the defendants breached the terms of the note and mortgage agreement by failing to make the required monthly payment on January 1, 2013, and all subsequent monthly payments. Thereafter, the defendants served an answer raising, inter alia, affirmative defenses alleging lack of standing and failure to comply with the notice requirements of RPAPL 1304 and 1306.
In May 2015, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' affirmative defenses, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered April 6, 2017, the Supreme Court granted that branch of the plaintiff's motion which was to strike the defendants' affirmative defenses alleging lack of standing and otherwise denied the motion with leave to renew, and denied the defendants' cross motion. Thereafter, the plaintiff made a renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants cross-moved for leave to renew their prior cross motion for summary judgment dismissing the complaint insofar as asserted against them. In an order dated December 5, 2017, the court, among other things, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denied the defendants' cross motion. The defendants appeal from both orders.
"RPAPL 1306 provides, in pertinent part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee 'shall file' certain information with the superintendent of financial services, including 'at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue'" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670, quoting RPAPL 1306[1], [2]). "Any complaint served in a proceeding initiated pursuant to [RPAPL article 13] shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with . . . this section" (RPAPL 1306[1]). Compliance with RPAPL 1306 is a condition precedent to the commencement of a foreclosure action (see Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707). A defendant moving for summary judgment dismissing the complaint in a foreclosure action can establish their prima facie entitlement to judgment as a matter of law by demonstrating the plaintiff's noncompliance with RPAPL 1306 (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997, 999-1000).
A plaintiff must comply with RPAPL 1306 with respect to defendants who are required to receive a 90-day preforeclosure notice under RPAPL 1304(1) (see RPAPL 1306[1]). RPAPL 1304(1) requires that a 90-day preforeclosure notice be sent to "the borrower, or borrowers," of a home loan. As the term "borrower" is not defined in RPAPL 1304, the relevant instruments may be used to define the parties, and even if a party is not a "borrower" on the note, that party may still be identified as a "borrower" on the mortgage agreement (see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 665; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 105). A party who signs a mortgage agreement that explicitly defines that party as a mortgagor rather than a borrower is not entitled to an RPAPL 1304 notice (see Charles Schwab Bank v Winitch, 179 AD3d 1003, 1005-1006), but any ambiguities in the language of the mortgage agreement must be construed against the plaintiff, as the plaintiff is the party who supplied the document (see Bank of N.Y. Mellon v Forman, 176 AD3d at 665).
Here, on their cross motion for summary judgment, the defendants demonstrated, prima facie, the plaintiff's noncompliance with RPAPL 1306 by establishing that the plaintiff only made an RPAPL 1306 filing with respect to Hollien, but did not make any such filing with respect to Kosin. In opposition, the plaintiff failed to raise a triable issue of fact as to its compliance with this necessary precondition to commencement of a foreclosure action (see Hudson City Sav. Bank v Seminario, 149 AD3d at 707). Contrary to the plaintiff's contention, it was still required to comply with RPAPL 1304 and 1306 with respect to Kosin because, although Kosin was not listed as a "borrower" on the note, he was defined as a "borrower" on the mortgage agreement. Since the [*3]mortgage agreement refers to Kosin as a "borrower" on both the first page and the signature page, Kosin is a "borrower" for purposes of RPAPL 1304 and 1306 (see Bank of N.Y. Mellon v Forman, 176 AD3d at 665). Although there is some ambiguity in the language of the mortgage agreement, any ambiguities in the language of the document must be construed against the plaintiff, as the plaintiff is the party who supplied the document (see id.). Accordingly, the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d at 999-1000).
The parties' remaining contentions have been rendered academic in light of our determination.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court