USA Residential Props., LLC v Jongebloed (2022 NY Slip Op 01835)





USA Residential Props., LLC v Jongebloed


2022 NY Slip Op 01835


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-00407 
2018-00408
2020-08467
 (Index No. 6798/13)

[*1]USA Residential Properties, LLC, respondent,
v
John R. Jongebloed, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Kosterich & Skeete, LLC, Tuckahoe, NY (Michael Li of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John R. Jongebloed appeals from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated October 3, 2017, (2) an order of the same court also dated October 3, 2017, and (3) a judgment of foreclosure and sale of the same court dated February 14, 2020. The first order dated October 3, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John R. Jongebloed and for an order of reference. The second order dated October 3, 2017, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff. The judgment of foreclosure and sale, upon the orders, inter alia, directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John R. Jongebloed and for an order of reference are denied, and the orders are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action to foreclose a mortgage securing a home loan. The Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant John R. Jongebloed and for an order of reference, and subsequently entered a judgment of foreclosure and sale. Jongebloed appeals.
RPAPL 1304(1) provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1306 provides, in . . . part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee 'shall file' certain information with the superintendent of financial services, including 'at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue'" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669, quoting RPAPL 1306[1], [2]). RPAPL 1306(1) further provides that any complaint served in a foreclosure proceeding "shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with the provisions of this section."
Here, as Jongebloed correctly contends, the complaint did not contain an allegation that the plaintiff complied with RPAPL 1306. Thus, a condition precedent to suit was not satisfied, and the plaintiff failed to establish its entitlement to summary judgment on the complaint insofar as asserted against Jongebloed and an order of reference (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997, 999-1000; see also JPMorgan Chase Bank, N.A. v Lyon, 176 AD3d 693, 694).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Jongebloed and an order of reference.
In light of our determination, we need not reach Jongebloed's remaining contentions.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court