Ditech Fin., LLC v Cummings (2022 NY Slip Op 04949)

Ditech Fin., LLC v Cummings

2022 NY Slip Op 04949

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-09896
2020-00138
 (Index No. 701425/16)

[*1]Ditech Financial, LLC, etc., respondent, 
v
Roman Cummings, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Roman Cummings appeals from (1) an order of the Supreme Court, Queens County (Laurence L. Love, J.), entered July 25, 2019, and (2) an order of the same court entered November 22, 2019. The order entered July 25, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and counterclaims, and for an order of reference. The order entered November 22, 2019, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered July 25, 2019, is dismissed, as the portions of the order appealed from were superseded by the order entered November 22, 2019; and it is further,
ORDERED that the order entered November 22, 2019, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Roman Cummings, to strike his answer and counterclaims, and for an order of reference are denied, and so much of the order entered July 25, 2019, as granted those branches of the plaintiff's motion is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Roman Cummings.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Roman Cummings (hereinafter the defendant). The defendant interposed an answer asserting various affirmative defenses, including failure to comply with RPAPL 1304 and the notice of default provision in paragraph 22 of the mortgage, and counterclaims. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and counterclaims, and for an order of reference. The defendant opposed the motion. By order entered July 25, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order entered November 22, 2019, the court, inter alia, [*2]granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). A plaintiff demonstrates its compliance with the statute "by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [internal quotation marks omitted]).
Here, in support of its motion, the plaintiff submitted the affidavit of Kolette Modlin, an authorized officer of Caliber Home Loans, Inc. (hereinafter Caliber), the loan servicer for the plaintiff's successor in interest. Modlin stated that she had reviewed the plaintiff's business records, which had been verified for accuracy, incorporated into Caliber's records, and relied upon by Caliber in the ordinary course of its business, and determined that 90-day notices were mailed by first-class and certified mail to the defendant at the mortgaged premises. The plaintiff also submitted copies of the 90-day notices that were allegedly sent to the defendant. However, the plaintiff failed to attach, as exhibits to the motion, any documents establishing that the notices were actually mailed (see HSBC Bank USA, N.A. v Sawh, 177 AD3d 959, 961). Moreover, although Modlin attested that she had personal knowledge of Caliber's records, and that those records included the plaintiff's records, Modlin did not attest to knowledge of the mailing practices of the plaintiff, which was the entity that allegedly sent the 90-day notices to the defendant (see id. at 961). Contrary to the plaintiff's contention, although it submitted with its reply papers a second affidavit from Modlin, along with documentary evidence in the form of a letter log purportedly establishing the mailing of the 90-day notices, the plaintiff could not, under the circumstances, rely on the second affidavit to correct deficiencies inherent in the original one (see Bethpage Fed. Credit Union v Luzzi, 177 AD3d 944, 946; Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and counterclaims, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In view of our determination, we need not reach the defendant's remaining contention.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court