PROF-2013-S3 Legal Title Trust V v Johnson (2023 NY Slip Op 01204)

PROF-2013-S3 Legal Title Trust V v Johnson

2023 NY Slip Op 01204

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-01304
 (Index No. 706864/17)

[*1]PROF-2013-S3 Legal Title Trust , etc., respondent, 
v
Michael Johnson, appellant, et al., defendants.

Obayomi Awoyinfa, Fresh Meadows, NY, for appellant.
Pincus Law Group, PLLC, Uniondale, NY (Barry Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Johnson appeals from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), dated December 30, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing that defendant's counterclaims, his first and sixteenth affirmative defenses, and so much of his fifth affirmative defense as alleged a failure to comply with RPAPL 1306, and denied that branch of his cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing so much of the fifth affirmative defense of the defendant Michael Johnson as alleged a failure to comply with RPAPL 1306, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff's predecessor in interest commenced this action against the defendant Michael Johnson (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Far Rockaway. The plaintiff moved, inter alia, in effect, for summary judgment dismissing the defendant's affirmative defenses and counterclaims. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated December 30, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing so much of the defendant's fifth affirmative defense as alleged a failure to comply with RPAPL 1304, granted those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing the defendant's counterclaims, his first and sixteenth affirmative defenses, and so much of his fifth affirmative defense as alleged a failure to comply with RPAPL 1306, and denied that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him. The defendant appeals.
RPAPL 1304(1) provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice [*2]to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]; Ditech Fin., LLC v Cummings, 208 AD3d 634, 635). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; see Ditech Fin., LLC v Cummings, 208 AD3d at 635).
RPAPL 1306 requires that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), each lender or assignee "shall file" certain information with the superintendent of financial services (id. § 1306[1]; see U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d 966, 967). "As it is with RPAPL 1304, compliance with RPAPL 1306 is a condition precedent to the commencement of a foreclosure action" (U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d at 967; see RPAPL 1306[1]; Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707).
Here, the Supreme Court determined there were triable issues of fact concerning the plaintiff's compliance with RPAPL 1304, as the plaintiff failed to establish that the notices required by that statute were mailed on any particular date. The court, nonetheless, concluded that the plaintiff had established its compliance with RPAPL 1306, inasmuch as its submissions contained proof of filing statements from the New York State Department of Financial Services. Such a proof of filing statement is sufficient to establish that the plaintiff filed with the superintendent of financial services as required by RPAPL 1306 (see U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d at 967; Wells Fargo Fin. Credit Servs. N.Y., Inc. v Mammen, 191 AD3d 737, 739). However, in the absence of evidence establishing when the plaintiff mailed the notices required by RPAPL 1304, the plaintiff could not establish, as a matter of law, that it complied with the requirement of RPAPL 1306 to file with the superintendent of financial services within three business days of the mailing of the notice required by RPAPL 1304. Thus, the court should have denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing so much of the defendant's fifth affirmative defense as alleged a failure to comply with RPAPL 1306.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304 and 1306. The defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to establish, prima facie, that the plaintiff did not comply with the statute (see Wilmington Trust, N.A. v Jimenez, 194 AD3d 988, 990; JPMorgan Chase Bank, N.A. v Gold, 188 AD3d 1019, 1021; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23-24). Further, the defendant failed to demonstrate, prima facie, that the plaintiff did not comply with RPAPL 1306, and simply pointed to claimed deficiencies in the plaintiff's proof. Thus, the burden never shifted to the plaintiff to raise a triable issue of fact (see Wells Fargo Bank, N.A. v Gleichmann, 186 AD3d 535; Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 838).
The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court