JP Morgan Chase Bank, N.A. v Gidalowitz (2025 NY Slip Op 02914)

JP Morgan Chase Bank, N.A. v Gidalowitz

2025 NY Slip Op 02914

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-05477
 (Index No. 130576/11)

[*1]JP Morgan Chase Bank, N.A., appellant,
v
Tzvi M. Gidalowitz, etc., et al., defendants, Tatyana Gidalowitz, etc., et al., respondents.

Fein, Such & Crane, LLP, Rochester, NY (Michael S. Hanusek of counsel), for appellant.
Platte Klarsfeld & Levine, LLP, New York, NY (Jeffrey Klarsfeld of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 2, 2023. The judgment, upon an order of the same court dated April 27, 2023, inter alia, granting the cross-motion of the defendants Tatyana Gidalowitz and Galina Nabatov for summary judgment dismissing the amended complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the amended complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
In February 2006, the defendant Tzvi M. Gidalowitz (hereinafter Tzvi) executed a note in the amount of $304,000 in favor of the plaintiff. The note was secured by a mortgage on certain real property located in Staten Island (hereinafter the subject property). The subject property was owned by Tzvi and the defendants Tatyana Gidalowitz (hereinafter Tatyana) and Galina Nabatov. The mortgage agreement was executed by both Tzvi and Tatyana as "borrower[s]."
In July 2011, the plaintiff commenced this action against Tatyana and Nabatov (hereinafter the defendants), among others, to foreclose the mortgage. The defendants thereafter filed a cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them based upon the plaintiff's failure to comply with RPAPL 1306. In an order dated April 27, 2023, the Supreme Court, inter alia, granted the defendants' cross-motion. Subsequently, in a judgment dated May 2, 2023, the court, upon the order, dismissed the amended complaint insofar as asserted against the defendants. The plaintiff appeals.
"RPAPL 1306 requires that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), each lender or assignee 'shall file' certain information with the superintendent of financial services" (PROF-2013-S3 Legal Title Trust V v Johnson, 214 AD3d 745, 747 [internal quotation marks omitted]; see RPAPL 1306[1]). "Compliance with RPAPL 1306 is a condition precedent to the commencement of a foreclosure action" and a complaint served in such an action must contain an affirmative allegation that, at the time the action is commenced, the plaintiff has complied with RPAPL 1306 (Deutsche Bank Natl. [*2]Trust Co. v Spanos, 180 AD3d 997, 999; see USA Residential Props., LLC v Jongebloed, 203 AD3d 990, 991).
Here, in support of their cross-motion, the defendants demonstrated, prima facie, the plaintiff's noncompliance with RPAPL 1306, as the plaintiff admitted that it failed to make the requisite filing with the superintendent (see TD Bank, N.A v Leroy, 121 AD3d 1256, 1258-1259). Moreover, the amended complaint did not contain an affirmative allegation that the plaintiff complied with RPAPL 1306 (see id. § 1306[1]; USA Residential Props., LLC v Jongebloed, 203 AD3d at 991; Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d at 999).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, since Tatyana executed the mortgage as a "borrower" and, in that capacity, agreed to pay amounts due under the note, she was a "borrower" for purposes of RPAPL 1304, even though she did not sign the note (see Green Tree Servicing, LLC v Helmsorig, 227 AD3d 1053, 1054; HSBC Bank USA, N.A. v DiBenedetti, 205 AD3d 687, 689). Furthermore, the subject loan was a "home loan" within the meaning of RPAPL 1304, as Tatyana resided at the subject property as her principal dwelling at the time the mortgage agreement was signed and through the commencement of this action (see RPAPL former 1304[5][a][iii]; Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1180; cf. Wall St. Mtge. Bankers, Ltd. v Berquin, 213 AD3d 972, 975).
Accordingly, since the defendants established that the plaintiff failed to comply with a condition precedent to the commencement of this action, the Supreme Court properly granted the defendants' cross-motion for summary judgment dismissing the amended complaint insofar as asserted against them and dismissed the amended complaint insofar as asserted against the defendants.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court