*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                    517893
_____

TD BANK, N.A., as Successor
    by Merger to COMMERCE BANK,
    N.A.,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JENNIFER OZ LEROY,
                    Appellant,
                    et al.,
                    Defendants.
_____

Calendar Date:   September 5, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Rapport Meyers, LLP, Hudson (Victor M. Meyers of counsel),
for appellant.

        Phillips Lytle, LLP, Albany (Todd A. Ritschdorff of
counsel), for respondent.

_____

McCarthy, J.

        Appeal from an order of the Supreme Court (O'Connor, J.),
entered April 23, 2013 in Ulster County, which, among other
things, denied defendant Jennifer Oz Leroy's cross motion for
summary judgment dismissing the complaint against her.

        Defendant Jennifer Oz Leroy (hereinafter defendant) owns
real property in Ulster County which is encumbered by a note and
mortgages held by plaintiff.  Plaintiff commenced this action
seeking to foreclose due to defendant's nonpayment.  Defendant
answered and asserted various defenses.  Plaintiff moved for

summary judgment requesting that Supreme Court strike defendant's answer and refer the matter to a referee to compute the amount due. Defendant cross-moved for, among other things, summary judgment dismissing the complaint. Supreme Court found, among other things, that plaintiff had served defendant with notice as required by RPAPL 1304 and that, even though plaintiff was untimely when it made the filing required by RPAPL 1306, such failure was not a jurisdictional defect and could be disregarded. The court granted plaintiff's motion for summary judgment and denied defendant's cross motion. Defendant appeals.

Supreme Court erred in holding that plaintiff proved as a matter of law that it properly served defendant with the notice required by RPAPL 1304. A party seeking summary judgment bears the burden of proving the absence of any triable issues of fact and must carry this burden not "'by pointing to gaps in its opponent's proof, but [by] affirmatively demonstrat[ing] the merit of its claim or defense'" (Velasquez v Gomez, 44 AD3d 649, 650-651 [2007], quoting George Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [1992]; accord Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911 [2013], lv dismissed 21 NY3d 1068 [2013]). RPAPL 1304 requires a lender to notify a borrower of an impending legal action at least 90 days before a foreclosure action is commenced, using specific statutory language printed in 14-point type (see RPAPL 1304 [1]). The notice must be sent to the borrower by first-class mail as well as registered or certified mail (see RPAPL 1304 [2]). "[P]roper service of the RPAPL 1304 notice containing the statutorily-mandated content is a condition precedent to the commencement of [a] foreclosure action [and t]he plaintiff's failure to show strict compliance requires dismissal" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103 [2011]; see Hudson City Sav. Bank v DePasquale, 113 AD3d 595, 596 [2014]; Pritchard v Curtis, 101 AD3d 1502, 1504 [2012]). Plaintiff alleged in the complaint that it complied with RPAPL 1304. "Thus, in support of its motion for summary judgment on the complaint, [the lender] was required to prove its allegations by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion, regardless of the opposing papers" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106 [citation omitted]).

Here, plaintiff submitted an affidavit of an assistant vice-president who averred that she "confirmed [that] the notice of default, if required, was properly mailed prior to commencement of foreclosure." Plaintiff also submitted a copy of a letter containing the statutorily-required language and dated more than 90 days prior to commencement, along with a certified mail receipt that contains defendant's name and address but does not contain a postmark or date of mailing (compare Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]). The record does not include an affidavit from anyone with personal knowledge of the mailing. This evidence was insufficient to prove that the RPAPL 1304 notice was properly mailed to defendant (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 911). In response to the motion and in support of the cross motion, defendant submitted an affidavit of counsel arguing that proper service of the notice was not effected. Defendant did not submit any proof by someone with personal knowledge so as to carry her burden on the cross motion to establish as a matter of law that plaintiff failed to comply with that statute (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 911). Accordingly, neither party is entitled to summary judgment on that issue because questions of fact exist regarding service of the RPAPL 1304 notice.

Defendant was entitled to summary judgment dismissing the complaint based on plaintiff's failure to comply with RPAPL 1306. That statute provides that lenders "shall file with the superintendent of financial services (superintendent) within three business days of the mailing of the notice required by [RPAPL 1304]" a form containing certain information regarding the borrower and mortgage (RPAPL 1306 [1]; see RPAPL 1306 [2]). The statute further states that "[a]ny complaint served in [an action] initiated pursuant to [RPAPL article 13] shall contain, as a condition precedent to such [action], an affirmative allegation that at the time the [action] is commenced, the plaintiff has complied with the provisions of this section" (RPAPL 1306 [1]).

Plaintiff does not dispute that it failed to file with the superintendent within three days, and instead waited more than three months to file the form required by RPAPL 1306. Plaintiff

alleged in its complaint that it complied with RPAPL 1306, apparently under the impression that it had complied by filing with the superintendent prior to commencing the action. The statute's language is ambiguous, in that the condition precedent could be read to mean – as plaintiff argues – that compliance occurs if the lender files with the superintendent at any time before commencement of the foreclosure action or – as defendant argues – that a lender has only complied with the provisions of RPAPL 1306 if it has filed with the superintendent within three days of mailing the RPAPL 1304 notice. Although defendant's interpretation tries to read the two sentences of RPAPL 1306 (1) together, under that interpretation the language "at the time the [action] is commenced" would be unnecessary. If a lender filed the RPAPL 1306 form within three days of service it would always necessarily have complied with RPAPL 1306 "at the time the [action] is commenced," because a foreclosure action cannot be commenced until 90 days after service of the RPAPL 1304 notice (see RPAPL 1304 [1]). Due to this ambiguity, we must interpret the statute by looking to the Legislature's intent as manifested in the legislative history (see State of New York v Getty Petroleum Corp., 89 AD3d 262, 265 [2011]; Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 81 AD3d 145, 149 [2011], mod 19 NY3d 106 [2012]).

In addition to general statements about addressing the mortgage crisis to protect borrowers and prevent a similar foreclosure crisis in the future (see Governor's Program Bill Mem, Bill Jacket, L 2009, ch 507, at 9), the legislative history more particularly addresses this particular statute when it indicates that "[i]n order to help reduce the number of preventable foreclosures, it is critical to identify distressed homeowners as soon as possible" (Governor's Program Bill Mem, Bill Jacket, L 2009, ch 507, at 11). We can discern the legislative intent by considering this goal along with the statutory language. Viewed in that light, RPAPL 1306's condition precedent to commencing a foreclosure action is strict compliance with the first sentence of the statute. In other words, a lender has only complied with the condition precedent if the lender has filed the appropriate form with the superintendent within three days of mailing the RPAPL 1304 notice to the borrower. Allowing a lender to commence an action and allege compliance with the

filing requirement based on a filing that was performed later — as long as it was accomplished at any time prior to the commencement — would frustrate the purpose of RPAPL 1306 (cf. Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 107).  Hence, plaintiff failed to prove that it satisfied a statutory condition precedent to commencing this action.

Plaintiff contends that the courts can disregard its failure to strictly comply with the time period for filing with the superintendent pursuant to RPAPL 1306.[1]  Courts may disregard a defect or irregularity if a substantial right of a party is not prejudiced (see CPLR 2001).  Based on the legislative intent, plaintiff's filing with the superintendent more than three months later than required by statute — thereby failing to comply with the mandatory condition precedent — "cannot be deemed a minor irregularity which can be overlooked" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 108).  Inasmuch as plaintiff admits that it failed to strictly comply with the condition precedent required by RPAPL 1306, and that failure is not excused, the complaint must be dismissed (cf. Hudson City Sav. Bank v DePasquale, 113 AD3d at 596; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 103).

Stein, J.P., Egan Jr., Lynch and Clark, JJ., concur.

---

[1]  While we agree that the filing with the superintendent and the RPAPL 1306 condition precedent do not affect the court's jurisdiction, plaintiff could only prevail on its motion for summary judgment if it established that it complied with all conditions precedent to commencing this action.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment and denied that portion of defendant Jennifer Oz Leroy's cross motion seeking summary judgment; motion denied, cross motion granted to that extent, summary judgment awarded to said defendant and complaint dismissed; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court