Bank of Am., N.A. v Colagrande (2019 NY Slip Op 03020)





Bank of Am., N.A. v Colagrande


2019 NY Slip Op 03020


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-12425
 (Index No. 6084/13)

[*1]Bank of America, N.A., respondent, 
v
Mario Colagrande, appellant, JP Morgan Chase Bank, N.A., etc., et al., defendants.


Rubin & Licatesi, P.C., Garden City, NY (Richard H. Rubin of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Christopher P. Kohn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mario Colagrande appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 6, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On May 13, 2004, the defendant Mario Colagrande (hereinafter the defendant) executed a note in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide), promising to repay a loan of $306,000, and executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee of Countrywide, to secure the loan. The defendant allegedly defaulted on the loan in 2010. On May 20, 2013, the plaintiff, which had obtained possession of the original note with blank endorsement in 2004, commenced this action to foreclose the mortgage. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him, contending that the plaintiff failed to comply with RPAPL 1306. The Supreme Court denied the motion, and the defendant appeals.
RPAPL 1306(1) requires that lenders or assignees "file with the superintendent of financial services (superintendent) within three business days of the mailing of the notice required by [RPAPL 1304]" certain information about the borrower and the mortgage loan. Here, contrary to the defendant's contention, the fact that the plaintiff filed the required information one day before the mailing of a RPAPL 1304 notice did not constitute a failure to comply with RPAPL 1306. The plaintiff complied with RPAPL 1306 because it filed the required information and its filing was made before the three-day time limit expired (cf. TD Bank, N.A. v Leroy, 121 AD3d 1256, 1259). This filing served the purposes of RPAPL 1306, which include monitoring the extent of foreclosure filings in the state and "identify[ing] distressed homeowners as soon as possible" in order to "target counseling help effectively and expeditiously" (Governor's Program Bill Mem, Bill Jacket, L 2009, ch 507 at 11; see RPAPL 1306[4]; TD Bank, N.A. v Leroy, 121 AD3d at 1259).
Accordingly, we agree with the Supreme Court's determination denying the [*2]defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court