Deutsche Bank Natl. Trust Co. v Spanos (2020 NY Slip Op 01324)





Deutsche Bank Natl. Trust Co. v Spanos


2020 NY Slip Op 01324


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-01658 
2017-01659
2017-09808
 (Index No. 6034/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Demetres Spanos, et al., appellants, et al., defendants.


Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Thomas M. Smith of counsel), for appellant Isadora Sidroula Spanos, and Hoffman & Behar, PLLC, Garden City, NY (Warren S. Hoffman of counsel), for appellant Demetres Spanos (one brief filed).
Hinshaw & Culbertson LLP, New York, NY (Annmarie D'Amour and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Demetres Spanos and Isadora Sidroula Spanos appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated October 31, 2016, (2) an order of the same court also dated October 31, 2016, and (3) an order of the same court dated April 6, 2017. The first order dated October 31, 2016, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Demetres Spanos and Isadora Sidroula Spanos and for an order of reference, and denied the cross motion of the defendant Isadora Sidroula Spanos, joined by the defendant Demetres Spanos, for summary judgment dismissing the complaint insofar as asserted against them. The second order dated October 31, 2016, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Demetres Spanos and Isadora Sidroula Spanos and for an order of reference, denied the cross motion of the defendant Isadora Sidroula Spanos, joined by the defendant Demetres Spanos, for summary judgment dismissing the complaint insofar as asserted against them, and referred the matter to a referee to compute the amount due to the plaintiff. The order dated April 6, 2017, denied the motion of the defendant Isadora Sidroula Spanos, denominated as one for leave to renew and reargue, but which was, in actuality, a motion for leave to reargue her opposition to the plaintiff's motion and her cross motion.
ORDERED that the appeal from the order dated April 6, 2017, is dismissed, as no appeal lies from an order denying reargument (see Alvarez v Jawaid, 163 AD3d 746, 748; Liang v Yi Jing Tan, 155 AD3d 1022, 1023); and it is further,
ORDERED that the orders dated October 31, 2016, are reversed, on the law, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Demetres Spanos and Isadora Sidroula Spanos and for an order of reference is denied, and the cross motion of the defendant Isadora Sidroula Spanos, joined by the defendant Demetres Spanos, for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The plaintiff in this mortgage foreclosure action previously moved for summary judgment dismissing the affirmative defenses and counterclaims asserted in the answer interposed by the defendant Isadora Sidroula Spanos (hereinafter Isadora). In an order dated August 29, 2011, the Supreme Court, inter alia, granted that motion. On appeal, this Court modified the order dated August 29, 2011, by denying those branches of the plaintiff's motion which were for summary judgment dismissing Isadora's second and third affirmative defenses, alleging noncompliance with RPAPL 1304 and lack of standing, respectively (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909). After the defendant Demetres Spanos (hereinafter Demetres) was granted leave to serve a late answer, the plaintiff moved for summary judgment on the complaint insofar as asserted against Demetres and Isadora and for an order of reference. Isadora opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her. Demetres submitted an affirmation of counsel joining Isadora's opposition to the plaintiff's motion and her cross motion. In two orders dated October 31, 2016, the Supreme Court granted the plaintiff's motion and denied Isadora's cross motion. Isadora then made a motion denominated as one for leave to renew and reargue her opposition to the plaintiff's motion and her cross motion. The court denied that motion in an order dated April 6, 2017. Demetres and Isadora (hereinafter together the appellants) appeal from the two orders dated October 31, 2016, and the order dated April 6, 2017.
The appeal from the order dated April 6, 2017, must be dismissed, as no appeal lies from an order denying reargument (see Alvarez v Jawaid, 163 AD3d 746, 748; Liang v Yi Jing Tan, 155 AD3d 1022, 1023). Contrary to the appellants' contention, Isadora's motion, denominated as one for leave to renew and reargue, was not one for leave to renew, as it was not based on new facts or "a change in the law that would change the prior determination" (CPLR 2221[e][2]; see Alvarez v Jawaid, 163 AD3d 746, 748).
We disagree with the Supreme Court's determination that Isadora was not entitled to summary judgment dismissing the complaint insofar as asserted against her. Isadora demonstrated, prima facie, that the plaintiff failed to satisfy the requirements of RPAPL 1306.
"RPAPL 1306 provides, in pertinent part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee shall file' certain information with the superintendent of financial services, including at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue'" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669, quoting RPAPL 1306[1], [2]). "Any complaint served in a proceeding initiated pursuant to [RPAPL article 13] shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with . . . this section" (RPAPL 1306[1]). Compliance with RPAPL 1306 is a condition precedent to the commencement of a foreclosure action (see Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707; TD Bank, N.A. v Leroy, 121 AD3d 1256, 1258-1260).
RPAPL 1306(1) became effective on February 13, 2010 (see L 2009, ch 507, § 5), one month before this action was commenced. Contrary to the plaintiff's contention, it was not absolved from compliance with the statute by virtue of the fact that its RPAPL 1304 notices were purportedly mailed prior to the effective date of RPAPL 1306. The plain language of RPAPL 1306 reflects that it is intended to apply to all foreclosure actions commenced after the effective date of the statute, as it provides, in pertinent part, that a mortgage foreclosure plaintiff's "complaint" must contain "an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with . . . this section" (RPAPL 1306[1] [emphasis added]).
Isadora demonstrated, prima facie, the plaintiff's noncompliance with RPAPL 1306 by producing a copy of a subpoena duces tecum served by her attorney upon the New York State Department of Financial Services (hereinafter the DFS), requesting "Certified Copies of the Step 1, Step 2 and/or Step 3 filings made pursuant to RPAPL 1304 and RPAPL 1306" concerning this mortgage foreclosure action, and a response from the DFS stating that it had no records responsive to the demand. Moreover, it is also clear from the face of the complaint that it contains no [*2]"affirmative allegation that at the time the proceeding [wa]s commenced, the plaintiff ha[d] complied with" RPAPL 1306 (RPAPL 1306[1]). In opposition, the plaintiff failed to raise a triable issue of fact as to its compliance with this necesssary precondition. Accordingly, Isadora's cross motion, joined by Demetres, for summary judgment dismissing the complaint insofar as asserted against them should have been granted (see TD Bank, N.A. v Leroy, 121 AD3d at 1258-1260).
The parties' remaining contentions either are not properly before this Court or have been rendered academic in light of our determination.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court