Wells Fargo Bank, N.A. v Matsuoka (2023 NY Slip Op 00230)

Wells Fargo Bank, N.A. v Matsuoka

2023 NY Slip Op 00230

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-07530
2019-07531
2020-09129
 (Index No. 616684/16)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Toranosuke Matsuoka, appellant, et al., defendants.

Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Sean Howland of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Toranosuke Matsuoka appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated May 7, 2019, and an order and judgment of foreclosure and sale (one paper) of the same court entered November 10, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.

DECISION & ORDER
Cross motion by the plaintiff, inter alia, to dismiss the appeals from the orders on the ground that the right of direct appeal from the orders terminated upon the entry of the order and judgment of foreclosure and sale in the action. By decision and order on motion of this Court dated April 21, 2021, the branch of the cross motion which is to dismiss the appeals from the orders was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the cross motion which is to dismiss the appeals from the orders is granted; and it is further,
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Toranosuke Matsuoka, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for [*2]a judgment of foreclosure and sale is denied, and the orders are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Toranosuke Matsuoka.
The appeals from the two orders dated May 7, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 768). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
On February 8, 2007, the defendant Toranosuke Matsuoka (hereinafter the defendant) executed a consolidated note in the amount of $900,000 in favor of nonparty Bank of America, N.A. (hereinafter Bank of America). The consolidated note was secured by a mortgage on certain real property located in Suffolk County. On March 1, 2011, the defendant entered into a loan modification agreement, which increased the principal owed by the defendant to $1,034,826.92.
On October 19, 2016, the plaintiff, Bank of America's purported successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. In his answer, the defendant alleged, inter alia, that the plaintiff failed to comply with RPAPL 1304.
On December 24, 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In support, the plaintiff submitted an affidavit of Takesha Brown, an employee of Nationstar Mortgage, LLC (hereinafter Nationstar), the plaintiff's loan servicer. Brown stated that she was familiar with Nationstar's records and record-keeping practices. Regarding the mailing of the RPAPL 1304 notice, Brown stated, "Plaintiff, by and through its agents, mailed to Defendant via certified mail and first class mail the 90-Day Pre-Foreclosure Notices pursuant to RPAPL 1304, to the last known address of the Defendant, which is also the address of the Subject Premises. I am familiar with Plaintiff's practices and procedures pertaining to the mailing of the 90-Day Pre-Foreclosure Notices. It is Plaintiff's practice and procedure to always ensure the mailing of the 90-Day Pre-Foreclosure Notices via first class mail and certified mail." She further stated, "[a]s a part of Nationstar's mailing practices and procedures, the barcodes are used to confirm that the notices were mailed[.] Based upon my review of [Nationstar's] file, I can confirm that the 90-Day Pre-Foreclosure Notices were actually sent to the Defendants as described above." Nationstar's business records regarding the mailing of the notices were attached to Brown's affidavit.
In an order dated May 7, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In a second order dated May 7, 2019, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
On December 26, 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered November 10, 2020, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference because the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard [*3]office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, the plaintiff relied on the affidavit of Brown, an employee of Nationstar, the plaintiff's loan servicer, who stated that the plaintiff had mailed the RPAPL 1304 notice in accordance with the plaintiff's practices and procedures. However, Brown then stated that her conclusion was based on her review of Nationstar's file, and on Nationstar's mailing practices and procedures. Thus, Brown's affidavit failed to eliminate triable issues of fact as to who actually mailed the RPAPL 1304 notice, and the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909; cf. Wells Fargo Bank, N.A. v Quinche, 189 AD3d 1671, 1673).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court