Wells Fargo Bank, N.A. v Fregosi (2023 NY Slip Op 06402)

Wells Fargo Bank, N.A. v Fregosi

2023 NY Slip Op 06402

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-00345
 (Index No. 501637/18)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Anita Fregosi, et al., appellants, et al., defendants.

Law Office of James Marsico, PLLC (Joseph E. Ruyack III, Middletown, NY, of counsel), for appellants.
Gross Polowy, LLC (McCalla Raymer Leibert Pierce, LLC, New York, NY [Sean Howland], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Anita Fregosi and Joseph Fregosi appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Putnam County (Gina C. Capone, J.), dated November 19, 2021. The order and judgment of foreclosure and sale, upon an order of the same court (Thomas P. Zugibe, J.) dated January 2, 2020, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference and denying the cross-motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs to the appellants, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Anita Fregosi and Joseph Fregosi and for an order of reference are denied, and the order dated January 2, 2020, is modified accordingly.
On April 12, 2005, the defendants Anita Fregosi and Joseph Fregosi (hereinafter together the defendants) executed a note in the amount of $700,000, which was secured by a mortgage on certain real property located in Putnam County. In December 2018, the plaintiff commenced this foreclosure action. In their answer, the defendants alleged that the plaintiff failed to comply with RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that the plaintiff failed to comply with RPAPL 1304. By order dated January 2, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for [*2]summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denied the defendants' cross-motion.
On September 27, 2021, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale dated November 19, 2021, the Supreme Court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject premises. The defendants appeal from the order and judgment of foreclosure and sale, and we reverse.
The Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, on the ground that the plaintiff failed to establish, prima facie, its compliance with RPAPL 1304.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). A plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti—Scheurer, 172 AD3d 17, 21).
Here, in support of its motion for summary judgment, the plaintiff submitted the affidavit of April Simmons, an employee of Nationstar Mortgage LLC (hereinafter Nationstar), the plaintiff's loan servicer. Simmons described Nationstar's standard office mailing practices for the mailing of RPAPL 1304 notices, and stated that RPAPL 1304 notices were sent to each of the defendants by both certified and first-class mail. Simmons attached United States Postal Service (hereinafter USPS) tracking information for the RPAPL 1304 notices sent to each of the defendants by certified mail. Significantly, the tracking information documents, or tracking logs, contain a notation in the upper left corner stating, "Mailed by: LenderLive Facility," and a notation within the tracking history stating, "LenderLive Event - Mailed." Although Simmons averred that she had personal knowledge of Nationstar's standard office mailing procedure, she did not attest that she was familiar with the standard office mailing procedures of LenderLive, the third-party vendor that apparently sent the RPAPL 1304 notices on behalf of the plaintiff. Thus, her affidavit did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720-721; U.S. Bank N.A. v Adams, 202 AD3d 867, 869). Moreover, Simmons' affidavit failed to address the nature of Nationstar's relationship with LenderLive and whether LenderLive's records were incorporated into Nationstar's own records or routinely relied upon in its business (see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 720-721, citing, inter alia, Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210).
Contrary to the defendants' contention, however, the Supreme Court properly denied their cross-motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304. A mere denial of receipt of a notice pursuant to RPAPL 1304 is insufficient to establish entitlement to summary judgment, and the defendants failed to otherwise establish, prima facie, that the plaintiff failed to comply with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21).
The defendants' remaining contention need not be reached in light of our determination.
MILLER, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court