King-Knights v Hall (2024 NY Slip Op 50805(U))

[*1]

King-Knights v Hall

2024 NY Slip Op 50805(U)

Decided on June 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-1205 K C

Charlene King-Knights, Also Known as Charlene Kingknights, Respondent,
against
Syrine Hall, Appellant, Christina Hall, John Doe and Jane Doe, Undertenants. 

Syrine Hall, appellant pro se.
Azoulay Weiss, LLP, for respondent (no brief filed).

Appeals from orders of the Civil Court of the City of New York, Kings County (Hannah Cohen, J.), dated June 6, 2023 and October 6, 2023, respectively. The order dated June 6, 2023 denied tenant's motion to dismiss the petition in a holdover summary proceeding, granted landlord's cross-motion for leave to amend statements in the petition relating to tenant's Section 8 status, and, in effect, denied tenant's separate motion to compel landlord to respond to tenant's demand for a bill of particulars. The order dated October 6, 2023 denied tenant's motion for resettlement of the June 6, 2023 order and for leave to renew and reargue her motion to dismiss the petition, her opposition to landlord's cross-motion for leave to amend the petition, and her motion to compel landlord to respond to her demand for a bill of particulars.

ORDERED that, on the court's own motion, the appeals are consolidated for the purposes of disposition; and it is further,
ORDERED that the order dated June 6, 2023 is modified by providing that the branch of tenant's motion seeking to dismiss the petition based upon a violation of RPAPL 741 is granted and landlord's cross-motion for leave to amend statements in the petition relating to tenant's Section 8 status is denied as moot; as so modified, the order dated June 6, 2023 is affirmed, without costs; and it is further,
ORDERED that so much of the appeal as is from the portion of the order dated October 6, 2023 which denied the branch of tenant's motion seeking leave to reargue her prior motions and opposition to landlord's prior cross-motion is dismissed as no appeal lies from a denial of reargument (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997 [2020]; Alvarez v Jawaid, 163 AD3d 746, 748 [2018]); and it is further,
ORDERED that so much of the appeal as is from the portion of the order dated October 6, 2023 which denied the branches of tenant's motion seeking to resettle the June 6, 2023 order and for leave to renew her prior motions and opposition to landlord's prior cross-motion is dismissed as moot.
In this holdover proceeding, the petition, dated August 31, 2020, alleged that landlord [*2]properly terminated tenant's month-to-month tenancy, that the apartment was not subject to rent stabilization because it was within a building containing fewer than six units, and that tenant "is/was a recipient of Section 8 benefits." Tenant moved to dismiss the petition on several grounds, including that the petition misrepresented the regulatory status of the building, which tenant alleged is a de facto rent-stabilized building, and landlord cross-moved to amend statements in the petition relating to tenant's Section 8 status. In reply papers, tenant submitted a 2001 New York City Department of Buildings violation report stating there was a seven-unit single room occupancy on the third floor of the building. Tenant also moved separately to compel landlord to respond to her demand for a bill of particulars, which requested that landlord provide a series of documents. In an order dated June 6, 2023, the Civil Court (Hannah Cohen, J.) denied tenant's motion to dismiss, granted landlord's cross-motion for leave to amend the petition, and, while purporting to grant tenant's motion to compel landlord to respond to her demand for a bill of particulars by directing landlord to "respond to the bill of particulars . . . to the extent that it seeks information only and not production of documents," the Civil Court, in effect, denied that motion, as the demand only sought documents. 
Tenant subsequently moved to resettle the June 6, 2023 order and for leave to renew and reargue her motion to dismiss, her opposition to landlord's cross-motion for leave to amend the petition, and her motion to compel. She argued, among other things, that the violation report was prima facie proof of the condition described therein—a seven-unit single room occupancy on the third floor of the building. Landlord opposed that motion and, in an order dated October 6, 2023, the court (Hannah Cohen, J.) denied the motion in its entirety. Tenant appeals from both orders.
A petition must concisely allege, among other things, the interest of the tenant and the facts upon which the proceeding is based (see RPAPL 741; Giannini v Stuart, 6 AD2d 418 [1958]). Where a tenancy is subject to a specific form of regulation, the petition must set forth the tenant's regulatory status, because this status may determine the scope of the tenant's rights (see Henry v Kingsberry, 66 Misc 3d 143[A], 2020 NY Slip Op 50175[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Volunteers of Am.-Greater NY, Inc. v Almonte, 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], affd 65 AD3d 1155 [2009]). A petition which contains "fundamental misstatements and omissions" is subject to dismissal on motion (Jeffco Mgt. Corp. v Local Dev. Corp. of Crown Hgts., 22 Misc 3d 141[A], 2009 NY Slip Op 50455[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
This court may "take judicial notice on appeal, of reliable documents, the existence and accuracy of which are not disputed and, generally, of matters of public record" (K.O. Med., P.C. v Mercury Cas. Co., 57 Misc 3d 155[A], 2017 NY Slip Op 51614[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] [internal quotation marks omitted]; see Headley v New York City Tr. Auth., 100 AD3d 700 [2012]; Brandes Meat Corp. v Cromer, 146 AD2d 666, 667 [1989]). In further support of her motion to dismiss, tenant provided a 2001 New York City Department of Buildings (DOB) violation report stating that there was a seven-unit single room occupancy on the third floor of the subject building. While that record is uncertified (see CPLR 4518 [c]) and was submitted in reply, we take judicial notice of the DOB website, which contains the same information (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 20 [2009] ["Even material derived from official government Web sites may be the subject of judicial [*3]notice"]).[FN1]
As the violation report establishes that the building contained six or more units after 1974, we find that it is subject to rent stabilization (see Henry,2020 NY Slip Op 50175[U]; Ortiz v Sohngen, 56 Misc 3d 19 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Since the petition here failed to accurately state the facts upon which the proceeding is based, in that it alleged that the apartment was not subject to rent stabilization because it was within a building containing fewer than six units, it must be dismissed. 
Under the circumstances, both landlord's cross-motion for leave to amend the petition and tenant's motion to compel landlord to respond to her demand for a bill of particulars have been rendered moot.
Accordingly, the order dated June 6, 2023 is modified by providing that the branch of tenant's motion seeking to dismiss the petition based upon a violation of RPAPL 741 is granted and landlord's cross-motion for leave to amend the petition is denied as moot.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER

Paul Kenny

Chief Clerk

Decision Date: June 14, 2024

Footnotes

Footnote 1: We note that landlord did not dispute the accuracy of the violation report in opposition to tenant's subsequent motion for leave to renew and reargue.