Deutsche Bank Natl. Trust Co. v Goetz (2025 NY Slip Op 03792)

Deutsche Bank Natl. Trust Co. v Goetz

2025 NY Slip Op 03792

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-00037
2023-00038
2024-04436
2024-04437
 (Index No. 21094/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Stephen Goetz, appellant, et al., defendants.

Ronald D. Weiss, P.C., Melville, NY (Rosemarie A. Klie of counsel), for appellant.
Robertson Anschutz Schneid Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stephen Goetz appeals from (1) an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated October 12, 2022, (2) an order of the same court, also dated October 12, 2022, (3) an order of the same court dated March 13, 2024, and (4) an order and judgment of foreclosure and sale (one paper) of the same court, also dated March 13, 2024. The first order dated October 12, 2022, insofar as appealed from, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Stephen Goetz and dismissing that defendant's affirmative defense alleging failure to comply with RPAPL 1304 and for an order of reference and denied that defendant's cross-motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him. The second order dated October 12, 2022, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order dated March 13, 2024, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, inter alia, granted the same relief to the plaintiff as the order dated March 13, 2024, and directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Stephen Goetz and dismissing that defendant's affirmative defense alleging failure to comply with RPAPL 1304 and for an order of reference are denied, that defendant's cross-motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him is granted, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Stephen Goetz.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Wells Fargo Bank, N.A. v Matsuoka, 212 AD3d 753, 754; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 768). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
In July 2012, the plaintiff commenced this action against the defendant Stephen Goetz (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Commack. In October 2021, the plaintiff, with leave of the Supreme Court, renewed its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's affirmative defense alleging failure to comply with RPAPL 1304 and for an order of reference. The defendant opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with the notice provisions of RPAPL 1304 and 1306. In an order dated October 12, 2022, the court, among other things, granted those branches of the plaintiff's renewed motion and denied the defendant's cross-motion. In a second order dated October 12, 2022, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. By order dated March 13, 2024, the Supreme Court, among other things, granted the plaintiff's motion. In an order and judgment of foreclosure and sale, also dated March 13, 2024, the court, inter alia, granted the same relief to the plaintiff and directed the sale of the property. The defendant appeals.
"'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (U.S. Bank N.A. v Nahum, 232 AD3d 715, 716, quoting Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1110). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236).
Here, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304. The affidavit of Allen Karee Lowery, a vice president of loan documentation employed by Wells Fargo Home Mortgage, the plaintiff's prior loan servicer, failed to establish "a standard office mailing procedure designed to ensure that items are properly addressed and mailed" (U.S. Bank N.A. v Kissi, 219 AD3d 1551, 1554 [internal quotation marks omitted]). Further, Lowery's affidavit neither provided sufficient proof of the actual mailings nor attested to personal knowledge of the mailings (see Wells Fargo Bank, N.A. v Fregosi, 222 AD3d 811, 812; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Additionally, the plaintiff failed to establish that the contents of the RPAPL 1304 notice complied with the statute, which, as it existed at the time the notices allegedly were mailed, "required that the 90-day notice provide a list of five housing counseling agencies 'that serve the region where the borrower resides'" (USBank N.A. v Haliotis, 185 AD3d 756, 757, quoting former RPAPL 1304[2]).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's affirmative defense alleging failure to comply with RPAPL 1304 and for an order of reference, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In support of his cross-motion, the defendant established, prima facie, that the plaintiff failed to establish its compliance with RPAPL 1306, which provides, in pertinent part, "that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee 'shall file' certain information with the superintendent of financial services, including 'at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue'" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669, quoting RPAPL 1306[1], [2]; see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997, 999). Compliance with RPAPL 1306 is a condition precedent to the commencement of a foreclosure action (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d at 999; Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707; TD Bank, N.A. v Leroy, 121 AD3d 1256, 1258-1260).
Here, it is undisputed that the plaintiff did not make the requisite filing pursuant to RPAPL 1306 until 17 days after the purported mailing of the RPAPL 1304 notice (see id. § 1306[1]). As the plaintiff failed to comply with a condition precedent, the Supreme Court should have granted the defendant's cross-motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997; TD Bank, N.A. v Leroy, 121 AD3d 1256).
In light of our determination, we need not reach the defendant's remaining contentions.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court