Bank of N.Y. Mellon v Peralta (2025 NY Slip Op 03790)

Bank of N.Y. Mellon v Peralta

2025 NY Slip Op 03790

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-07705
 (Index No. 702012/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Felix Peralta, appellant, et al., defendants.

Felix Peralta, Ozone Park, NY, appellant pro se.
Stern & Eisenberg, P.C., Lagrangeville, NY (Stacey A. Weisblatt of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Felix Peralta appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), dated February 19, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him, to vacate the note of issue and certificate of readiness for trial, and, in effect, for leave to enter a default judgment against the plaintiff on that defendant's counterclaims.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Felix Peralta which was for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of that defendant's motion which was to vacate the note of issue and certificate of readiness for trial, and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed, with costs to the defendant Felix Peralta.
In March 2015, the plaintiff commenced this action against, among others, the defendant Felix Peralta (hereinafter the defendant) to foreclose a mortgage on certain real property located in Queens. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him, to vacate the note of issue and certificate of readiness for trial, and, in effect, for leave to enter a default judgment against the plaintiff on the defendant's counterclaims. In support of the motion, the defendant contended, inter alia, that the plaintiff failed to comply with RPAPL 1306. In an order dated February 19, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
"Compliance with RPAPL 1306 is a condition precedent to the commencement of a foreclosure action" (Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997, 999; see Hudson City Sav. Bank v Seminario, 149 AD3d 706, 707). "RPAPL 1306 requires that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), each lender or assignee 'shall file' certain information with the superintendent of financial services" (PROF-2013-S3 Legal Title Trust V v Johnson, 214 AD3d 745, 747, quoting RPAPL 1306[1]). "[S]trict compliance" with the statutory requirement of making the appropriate filing within three business days of the mailing of the RPAPL 1304 notice is required (TD Bank, N.A. v Leroy, 121 AD3d 1256, 1259).
Here, it is undisputed that the plaintiff did not make the requisite filing pursuant to RPAPL 1306 until November 4, 2014, eight business days after the purported mailing of the RPAPL 1304 notice on October 23, 2014. Since the plaintiff failed to strictly comply with the statutory requirement of making the appropriate filing within three business days of the mailing of the RPAPL 1304 notice, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him (see Deutsche Bank National Trust Company v Goetz, _____AD3d_____ [decided herewith]; TD Bank, N.A. v Leroy, 121 AD3d at 1258-1260).
In light of that determination, the Supreme Court should have denied, as academic, that branch of the defendant's motion which was to vacate the note of issue and certificate of readiness for trial (see Katekis v Naut, Inc., 60 AD3d 817, 818).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court