Deutsche Bank Natl. Trust Co. v Spanos (2025 NY Slip Op 04549)

Deutsche Bank Natl. Trust Co. v Spanos

2025 NY Slip Op 04549

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05079
2023-12464
 (Index No. 6034/10)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Demetres Spanos, et al., respondents, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for appellant.
Ronald D. Weiss, P.C., Melville, NY, for respondent Isadora Sidroula Spanos.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered May 24, 2023, and (2) an order of the same court entered December 28, 2023. The order entered May 24, 2023, in effect, granted the separate motions of the defendant Demetres Spanos and the defendant Isadora Sidroula Spanos for an award of attorneys' fees pursuant to Real Property Law § 282, awarded the defendant Isadora Sidroula Spanos attorneys' fees in the amount of $118,354.63, and awarded the defendant Demetres Spanos attorneys' fees in the amount of $16,201.91. The order entered December 28, 2023, granted the same relief.
ORDERED that the orders are reversed, on the law, with one bill of costs, and the separate motions of the defendant Demetres Spanos and the defendant Isadora Sidroula Spanos for an award of attorneys' fees pursuant to Real Property Law § 282 are denied.
On September 23, 2004, the defendant Demetres Spanos (hereinafter Demetres) executed a note in the amount of $1,140,000 in favor of Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Syosset. The mortgage agreement was signed by Demetres and the defendant Isadora Sidroula Spanos (hereinafter Isadora, and together with Demetres, the defendants). The mortgage agreement stated in section 9: "Lender's actions may include . . . (e) paying reasonable attorneys' fees to protect its interest in the Property . . . . I will pay to Lender any amounts, with interest, which Lender spends under this Section 9."
On March 26, 2010, the plaintiff, WaMu's successor in interest, commenced an action to foreclose the mortgage against the defendants, among others. Isadora interposed an answer dated April 15, 2010. The Supreme Court granted Demetres leave to file a late answer, which he filed on July 28, 2014.
In an order dated October 31, 2016, the Supreme Court, inter alia, denied Isadora's cross-motion, joined by Demetres, for summary judgment dismissing the complaint insofar as [*2]asserted against them. In a decision and order dated February 26, 2020, this Court, among other things, reversed that order and granted the cross-motion (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997, 997-998). This Court determined that the plaintiff failed to comply with RPAPL 1306 (see id. at 999-1000).
In October 2020, Isadora moved for an award of attorneys' fees pursuant to Real Property Law § 282. Demetres separately moved for the same relief. The plaintiff opposed the motions, arguing that Real Property Law § 282 did not apply because the complaint was not dismissed on the merits.
In an order dated May 13, 2022, the Supreme Court granted the motions to the extent of directing a hearing on the issue. By stipulation dated April 11, 2023, the plaintiff and the defendants agreed "that the amount of attorneys' fees . . . Defendants are entitled to, if any, will be decided based on the Parties' previously filed papers in support and in opposition to the Motions without the Court conducting a hearing."
In an order entered May 24, 2023, the Supreme Court, in effect, granted the defendants' separate motions, awarded Isadora attorneys' fees in the amount of $118,354.63, and awarded Demetres attorneys' fees in the amount of $16,201.91. In an order entered December 28, 2023, the court granted the same relief. The plaintiff appeals from both orders.
The Supreme Court erred by granting the defendants' separate motions for an award of attorneys' fees pursuant to Real Property Law § 282. Real Property Law § 282(1) provides that "[w]henever a covenant contained in a mortgage on residential real property shall provide that . . . the mortgagee may recover attorneys' fees and/or expenses incurred as the result of the failure of the mortgagor to perform any covenant or agreement contained in such mortgage . . . there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor . . . in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract." The subject mortgage agreement contains such a covenant allowing the lender to recover reasonable attorneys' fees.
However, the plaintiff correctly contends that the defendants failed to establish that they were "prevailing parties" within the meaning of Real Property Law § 282, since the dismissal of the complaint for failure to comply with a condition precedent did not constitute a dismissal on the merits (see U.S. Bank N.A. v Reddy, 220 AD3d 967, 971-972; cf. U.S. Bank N.A. v Bajwa, 208 AD3d 1197, 1198-1199; see generally Elkins v Cinera Realty, 61 AD2d 828).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court