Jacobs v J.C. (2026 NY Slip Op 01496)

Jacobs v J.C.

2026 NY Slip Op 01496

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2023-05463
2023-09210
 (Index No. 465/20)

[*1]David B. Jacobs, appellant, 
vJ. C., etc., et al., respondents.

David B. Jacobs, Dix Hills, NY, appellant pro se.
Chen Ran Law Group, P.C., Flushing, NY (William Lou of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Danielle M. Peterson, J.), dated March 31, 2023, and (2) an order of the same court dated October 2, 2023. The order dated March 31, 2023, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint. The order dated October 2, 2023, denied the plaintiff's motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue his opposition to the defendants' prior motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated October 2, 2023, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 31, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff, a high school teacher, commenced this action against his former student (hereinafter the student) and the student's mother alleging that in September and October 2018, the student attended class while ill with an unspecified contagious disease that caused the student to cough repeatedly. The plaintiff alleged that he contracted the disease from the student, which caused the plaintiff to develop asthmatic bronchitis, which, in turn, caused the plaintiff to develop a heart condition. The complaint asserted causes of action sounding in negligence and fraudulent concealment.
In an order dated March 31, 2023, the Supreme Court, among other things, granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff then made a motion, denominated as one for leave to renew and reargue his opposition to the defendants' motion. In an order dated October 2, 2023, the court denied the plaintiff's motion. The plaintiff appeals from both orders.
The Supreme Court properly granted that branch of the defendants' motion which was [*2]for summary judgment dismissing the cause of action sounding in negligence. The defendants established, prima facie, that they did not owe a duty to the plaintiff to keep the student home from school (see Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 157; Darby v Compagnie Natl. Air France, 96 NY2d 343, 347; Pulka v Edelman, 40 NY2d 781). Moreover, the defendants established, prima facie, that the plaintiff could not establish that the plaintiff contracted the disease from the student, as opposed to someone else, without resorting to speculation (see Abramowitz v Stephen P. Esposito, M.D., P.C., 234 AD3d 652, 653; Huertas v Town of Smithtown, 226 AD3d 656, 657). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging fraudulent concealment (see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d 987, 990; cf. Ohanesian v Scheiner, 258 AD2d 446, 447; Maharam v Maharam, 123 AD2d 165, 170).
Although the plaintiff's motion was denominated as one for leave to renew and reargue his opposition to the defendants' prior motion for summary judgment dismissing the complaint, it was not based on new facts or a change in the law. Accordingly, the motion was, in actuality, one for leave to reargue only, the denial of which is not appealable (see Sutton v Syla, 223 AD3d 764, 766; Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997, 998).
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court